UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER L. WILSON,

    Petitioner,

v.                                      Case No. 3:21-cv-65-MMH-PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

### I. Status

Petitioner Christopher L. Wilson, an inmate of the Florida penal system, initiated this action on January 13, 2021,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[2] In the Petition, Wilson challenges five 2015 state court (Clay County, Florida) judgments of conviction for attempted burglary, burglary, and grand theft. He raises one ground for relief. See Petition at 4-5. Respondents have submitted a memorandum in opposition to the Petition, arguing that the action is untimely. See Motion to Dismiss as Untimely Filed (Response; Doc. 6). They also

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

submitted exhibits. See Docs. 6-1 through 6-9. Wilson did not file a brief in reply, and briefing closed on October 27, 2021. See Order (Doc. 7). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that Wilson has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). Response at 6. The following procedural history is relevant to the one-year limitations issue. On October 26, 2015, Wilson entered a negotiated plea of guilty to burglary of a structure or conveyance (count one) and grand theft (count two) in case numbers 2015-CF-655, 2015-CF-657, and 2015-CF-658; burglary to a dwelling or structure with damage in excess of $1,000 (count one) and grand theft (count two) in case number 2015-CF-656; and attempted burglary of a structure or conveyance (count one) in case number 2015-CF-659. Doc. 6-2 at 2-4, 10, 16, 21, 26. That same day, the circuit court sentenced Wilson in case number 2015-

3

CF-656 to a ten-year term of imprisonment as to count one and a concurrent five-year term of imprisonment as to count two. Id. at 10-15. The circuit court sentenced Wilson in the remaining cases to five-year terms of imprisonment as to all counts. Id. at 4-9, 16-30. Wilson did not pursue a direct appeal, and therefore, his conviction and sentence became final thirty days later on Wednesday, November 25, 2015.

As Wilson's conviction and sentence became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Accordingly, Wilson had until November 25, 2016, to file a federal habeas petition. He did not file the instant Petition until January 13, 2021. Thus, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

Wilson filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on February 2, 2017. Doc. 6-3 at 2-22. With the one-year limitations period having expired on November 25, 2016, Wilson's Rule 3.850 motion could not toll the limitations period because there was no period remaining to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that a postconviction motion filed after the AEDPA limitations period has expired cannot "toll that deadline because, once a

4

deadline has expired, there is nothing left to toll"). Given the record, Wilson's Petition is untimely filed, and due to be dismissed unless he can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Thomas v. Att'y Gen., 992 F.3d 1162, 1179 (11th Cir. 2021). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Thomas, 992 F.3d at 1179 (quotations and citation omitted). The burden is on Wilson to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th

5

Cir. 2004) (per curiam) (citations omitted). Here, Wilson has not met his burden of showing that equitable tolling is warranted. Because he has not shown a justifiable reason why the dictates of the one-year limitations period should not be applied to him, the Petition is untimely. As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Wilson seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Wilson "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find

6

the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' request to dismiss (Doc. 6) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Wilson appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of October, 2023.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 9/21
c: Christopher L. Wilson, #387809
   Counsel of record

8